| | |
|---|---|
| DOUGLAS WILHELMUS | CIVIL ACTION |
| VERSUS | No. 09-3644 |
| THE PARISH OF ST. BERNARD | SECTION I/3 |

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed on behalf of defendant, St. Bernard Parish Government.[1] Plaintiff, Douglas Wilhelmus, opposes this motion.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On May 22, 2009, plaintiff initiated this action in federal court. Plaintiff alleges that on or about May 4, 2009, a house owned by plaintiff was partially demolished by defendant. Plaintiff bases his claim on the Fifth and Fourteenth Amendments to the United States Constitution as well as Sections 2 and 4(a) of the Constitution of the State of Louisiana. On July 14, 2009, defendant filed a motion to dismiss alleging that this Court lacked jurisdiction because there is not complete diversity between the parties[3] and there is no federal question jurisdiction.

### *LAW AND ANALYSIS*

I.      STANDARD OF LAW

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 7.
[3] Because of the Court's opinion with respect to federal question jurisdiction, it is not necessary to reach defendant's argument that the parties are not diverse.

hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting

jurisdiction carries the burden of proof. Id. The district court may base its determination as to its

subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

plus the court's resolution of disputed facts." Id.

## II.    DISCUSSION

The basic statutory grants of subject-matter jurisdiction are contained in 28 U.S.C. §§

1331, 1332. Section 1331 provides for federal-question jurisdiction. Section 1332 provides for

jurisdiction based on the amount in controversy and diversity of citizenship.

A plaintiff properly invokes federal-question jurisdiction under 28 U.S.C. § 1331 when

she pleads a claim "arising under" the Constitution or the laws of the United States. A case

"arises under" federal law if a well-pleaded complaint establishes either that (1) federal law

creates the cause of action, or (2) that the plaintiff's right to relief necessarily depends on

resolution of a "substantial" question of federal law. Empire Healthchoice Assurance Inc. v.

McVeigh, 547 U.S. 677, 689-90 (2006)(quoting Franchise Tax Bd. of Cal. v. Constr. Laborers

Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983). A federal question is not "substantial" if it

is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly

insubstantial and frivolous." Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998); *see

also* Hagans v. Levin, 415 U.S. 528, 536-37 (1974); Olivares v. Martin, 555 F.2d 1192 (5th Cir.

1977).

Plaintiff's complaint expressly states that it is being brought pursuant to 42 U.S.C. §

1983.[4] Additionally, plaintiff's complaint alleges that the demolition of the house without prior

---

[4] R. Doc. No. 1, para. 12.

notice violated plaintiff's rights to procedural due process under the Fifth and Fourteenth Amendments.[5] The resolution of this issue will require the Court to resolve a federal law issue.

Plaintiff also claims that the demolition of his property violated the Louisiana Constitution, Louisiana Revised Statutes 33:4765C, and various local ordinances. 28 U.S.C.§ 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related. . . that they form part of the same case or controversy . . . " These state and local claims arise from the same occurrences that gave rise to plaintiff's federal claims. As a result, this court has supplemental jurisdiction over plaintiff's state and local claims.

Defendant argues that the presence of plaintiff's state and local claims means that federal law is "collateral, peripheral or remote" and that this lawsuit should be dismissed because federal law is not at the forefront of the case. Defendant further argues that the presence of the state claims means that plaintiff's right to relief does not depend on the resolution of a "substantial" question of federal law.

Plaintiff's federal claims are not merely "collateral, peripheral or remote" federal issues in a state cause of action. Rather, 28 U.S.C. § 1983 *creates* plaintiffs' federal causes of action. Thus, federal question jurisdiction over the federal claims exists independently from the resolution of plaintiffs' state claims. Accordingly, it is immaterial whether the federal claims are "at the forefront of the case."

Defendant also fails to recognize that "the requirement of substantiality does not refer to the value of the interests that are at stake but to whether there is any legal substance to the position that the plaintiff is presenting." 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3564 (3d ed. 2008). Plaintiff's federal claims are neither "immaterial

---

[5] R. Doc. No. 1, para. 12.

and made solely for the purpose of obtaining jurisdiction" nor "wholly insubstantial and frivolous." <u>See</u> <u>Steel Co. v. Citizens for Better Env't</u>, 523 U.S. 83, 89 (1998).

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED.**

New Orleans, Louisiana, July 30, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**