# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUGLAS WILHELMUS** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-3644** |
| **THE PARISH OF ST. BERNARD** | **SECTION I/3** |

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6)[1] of the Federal Rules of Civil Procedure filed on behalf of defendant, St. Bernard Parish Government ("the Parish").[2] Plaintiffs, Douglas Wilhelmus, Letita Martin, Lawrence Ruiz, Olga Vaz, and Stephen Vaz, oppose the motion.[3] For the following reasons, the motion is **GRANTED**.

## *BACKGROUND*

On May 22, 2009, plaintiff, Douglas Wilhelmus ("Wilhelmus"), initiated this action in federal court.[4] Plaintiffs allege that the Parish demolished their respective properties without prior notice and without paying proper compensation.[5] Plaintiffs claim that the Parish's actions violated 42 U.S.C. § 1983, denied plaintiffs their rights to procedural[6] due process under the Fifth and Fourteenth Amendments to the United States Constitution, denied plaintiffs their rights to be free from unreasonable seizures pursuant to the Fourth Amendment, and their rights to

---

[1] Because of this Court's opinion with respect to ripeness, the Court does not reach defendant's arguments pursuant to Rule 12(b)(6).
[2] R. Doc. No. 34.
[3] R. Doc. No. 37.
[4] R. Doc. No. 1. Wilhelmus amended his complaint on December 8, 2009, to add Barowka and Bonura Engineers and Consultants, L.L.C. as a defendant. The amended complaint also added the remaining plaintiffs to this lawsuit.
[5] R. Doc. No. 1, paras. 11-14; R. Doc. No. 16, paras. 11(h), 12(h), and 13(f)
[6] On April 27, 2010, the Court held a telephone conference during which plaintiffs' counsel informed the Court that plaintiffs might not pursue a substantive due process claim. The Court informed plaintiffs that their substantive due process claim would be dismissed if they did not notify the Court of their intent to pursue such a claim by April 29, 2010. Plaintiffs did not so notify the Court. Accordingly, plaintiffs' substantive due process claim will be dismissed without prejudice.

1

procedural due process pursuant to Sections 2 and 4(a) of the Constitution of the State of Louisiana.

On January 15, 2010, the Parish filed a motion to dismiss arguing that this Court lacks jurisdiction because plaintiffs' claims are not ripe. The Parish contends that because plaintiffs did not present their claims for inverse condemnation in Louisiana courts nor alleged that such a remedy would be inadequate, plaintiffs' claims are subject to dismissal.[7]

*LAW AND ANALYSIS*

I.     **STANDARD OF LAW**

**Rule 12(b)(1)**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. Id. The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. Ripeness is an essential component of federal subject matter jurisdiction. Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005).

**Ripeness**

"A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." New Orleans Public Service Inc. v. Council of City of New Orleans, 833 F.2d 583, 587 (5th Cir. 1987) (citing Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568 (1985)). "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Id. (quoting Abbott Laboratories v.

---
[7] R. Doc. No. 34-2, p. 3.

Gardner, 387 U.S. 136, 149 (1967)). A case is not ripe if further factual development is required. Id. at 587.

## II. DISCUSSION

A. Plaintiffs' takings claims

Plaintiffs must establish two elements to demonstrate that their takings claim[8] is ripe: (1) the property must have been "taken," and (2) they must have been denied just compensation. See Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186 (1985). The United States Court of Appeals for the Fifth Circuit has recognized that property demolitions may constitute takings. See, e.g., John Corp. v. City of Houston, 214 F.3d 573, 579 (5th Cir. 2000). With respect to the second prong, however, a violation of the Fifth Amendment's Takings clause does not occur until plaintiffs have been denied just compensation through state procedures. See id. at 581 ("Because a violation of the Takings Clause does not occur until just compensation has been denied, [plaintiff] must use available state procedures to seek such compensation before they may bring a § 1983 takings claim to federal court.").

Under Louisiana law, the action for inverse condemnation "provides a procedural remedy to a property owner seeking compensation for land already taken or damaged." Louisiana, through Dept. of Transp. & Dev. v. Chambers, 595 So.2d 598, 602 (La. 1992). Because plaintiffs have not alleged that they sought compensation through the inverse condemnation remedy nor alleged that such remedy would be inadequate or futile, plaintiffs' taking claim is not ripe for adjudication by this Court.[9] See Liberty Mutual Ins. Co. v. Louisiana Dept. of Ins., 62

---

[8] Although plaintiffs now contend that their complaint does not assert a takings claim, a close reading of plaintiffs' complaint reveals that a takings claim may be present. See R. Doc. No. 1, para. 13 (quoting the Louisiana Constitution that provides in relevant part, "Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner"). Out of an abundance of caution, the Court has evaluated the ripeness of any possible takings claim.

[9] While much of the case law in this area addresses regulatory takings, it is important to note that any "argument that the state procedures rule does not apply to a physical takings claim is foreclosed in [the Fifth Circuit]." Severance v

3

F.3d 115, 117-118 (5th Cir. 1995). Accordingly, plaintiffs' takings claim is **DISMISSED WITHOUT PREJUDICE**.

  B. Plaintiffs' procedural due process claims

"When confronted with a claim for deprivation of procedural due process, we first ask whether the state has deprived the individual of a liberty or property interest." McClure v. Biesenbach, 355 Fed.Appx. 800, 805 (5th Cir. 2009). Courts then ask "whether procedures accompanying such deprivation were unconstitutional." Id. With respect to the second prong, "[t]he salient question is whether the process afforded [] is constitutionally deficient." Id.

Where plaintiffs have not availed themselves of the inverse condemnation remedy provided by state law, plaintiffs' procedural due process claims are premature. See John Corp., 214 F.3d at 585-86 ("it will only be when a court may assess the takings claim that it will be able to examine whether [plaintiffs] were afforded less procedure than is constitutionally required."); Liberty Mutual, 62 F.3d at 118 (holding that the procedural due process claim is not ripe because plaintiff did not demonstrate that the Louisiana post-deprivation remedy was not adequate); see also Bigelow v. Michigan Dep't of Natural Resources, 970 F.2d 154, 160 (6th Cir. 1992) ("Until the state courts have ruled on the plaintiffs' inverse condemnation claim, this court cannot determine whether a taking has occurred, and thus cannot address a procedural due process claim with a full understanding of the relevant facts."). Accordingly, plaintiffs' procedural due process claims are **DISMISSED WITHOUT PREJUDICE**.

---

Patterson, 566 F.3d 490, 497 (5th Cir. 2009) (citing Urban Developers L.L.C. v. City of Jackson, 468 F.3d. 281, 294-95 (5th Cir. 2006).

C. Plaintiffs' Fourth Amendment claim

Plaintiffs' opposition to the motion to dismiss—for the first time—asserts that plaintiffs' complaint and amended complaint contain a Fourth Amendment claim.[10] The elements of a Fourth Amendment claim are "(a) a meaningful interference with [plaintiff's] possessory interests in her property, which is (b) unreasonable because the interference is unjustified by state law or, if justified, then uncompensated." Severance v. Patterson, 566 F.3d 490, 502 (5th Cir. 2009). The demolition of property constitutes a seizure for the purposes of the Fourth Amendment. Freeman v. City of Dallas, 242 F.3d 642, 648, n. 5 (5th Cir. 2001).

Plaintiffs' Fourth Amendment claim must also be dismissed as not ripe. A case is not ripe if further factual development is required. New Orleans Public Service Inc., 833 F.2d at 587. Plaintiffs claim that their Fourth Amendment claim is based on the destruction of their property "without due process" and because the Parish "denies owing any compensation."[11] Because plaintiffs did not use the inverse condemnation procedures, however, it is not yet clear whether the infringement on their property was uncompensated. Because further factual development is necessary to evaluate plaintiffs' Fourth Amendment claim, such claim must be **DISMISSED WITHOUT PREJUDICE** until plaintiffs avail themselves of the inverse condemnation procedure.

D. Plaintiffs' state law claims

Having found that plaintiffs' takings claim, procedural due process claim, substantive due process claim, and Fourth Amendment claim should be dismissed, it is clear that no federal claims remain in this matter. "When a court dismisses all federal claims before trial, the general

---

[10] The Parish argues that the Court should not consider this claim because plaintiffs did not explicitly plead the Fourth Amendment in the original or amended complaint. R. Doc. No. 40, p. 3. Because of this Court's opinion with respect to ripeness, the Court does not reach this argument by the Parish.
[11] R. Doc. No. 37, p. 6.

rule is to dismiss any pendent claims." Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999); see also 28 U.S.C. § 1367(c)(3) (A district court "may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."). In evaluating whether to dismiss state-law claims once the federal claims are dismissed, courts look to the factors of "judicial economy, convenience, and fairness to the litigants." Dixon v. Ford Motor Credit Co., 252 F.3d 1356, 2001 WL 422726 at *3 (5th Cir. 2001) (per curiam); see also 28 U.S.C. § 1367(c) (listing the other reasons why a district court may decline to exercise supplemental jurisdiction over state-law claims). After evaluating all of the relevant factors, the Court is persuaded that is should decline to exercise jurisdiction. Accordingly, plaintiffs' state law claims against the Parish and against defendant, Barowka and Bonura Engineers and Consultant, L.L.C. ("Barowka"),[12] shall also be **DISMISSED WITHOUT PREJUDICE**.

## III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Parish's motion to dismiss for lack of subject matter jurisdiction is **GRANTED.** Plaintiffs' claims against all parties shall be **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, May 2, 2010.

                                **LANCE M. AFRICK**
                          **UNITED STATES DISTRICT JUDGE**

---

[12] The only claims plaintiffs assert against Barowka are state-law claims for providing false and misleading statements to the Parish. See R. Doc. No. 16, para. 14(a).